12-2653-cr
United States v. Tomicic

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York  the
22nd day of November, two thousand thirteen.

Present:      GUIDO CALABRESI,
              ROSEMARY S. POOLER,
                        *Circuit Judges*.
              EDWARD R. KORMAN,[*]
                        *District Judge*.

_____

UNITED STATES OF AMERICA,

                              *Appellee*,
                        -v-                                          12-2653-cr
BORIS TOMICIC,[**]

                              *Defendant-Appellant*.

_____

Appearing for Appellant:      Kenneth Rosenthal, Brenner, Saltzman & Wallman LLP, New
                              Haven, CT

Appearing for Appellee:       Eric J. Glover, Assistant United States Attorney (David B. Fein,
                              United States Attorney for the District of Connecticut, Robert
                              Spector, Assistant United States Attorney, *on the brief*) New
                              Haven, CT

     Appeal from the United States District Court for the District of Connecticut (Eginton, *J.*).

_____

[*]  The Honorable Edward Korman, United States District Court for the Eastern District of
New York, sitting by designation.

[**]  The Clerk of the Court is directed to correct the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Boris Tomicic appeals from the amended judgment entered in the United States District Court for the District of Connecticut sentencing him principally to 18 months' imprisonment and ordering him to pay restitution of $90,000 after a jury convicted him of one count of wire fraud in violation of 18 U.S.C. § 1343. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Tomicic argues that the government presented insufficient evidence at trial to support his conviction, arguing that the record lacks any evidence demonstrating he knowingly participated in fraud. A plaintiff seeking to overturn a conviction on the basis of insufficient evidence bears "a very heavy burden." *United States v. Crowley*, 318 F.3d 401, 407 (2d Cir. 2003) (internal quotation marks and citation omitted). "[T]he evidence must be viewed in the light most favorable to the Government, with all reasonable inferences drawn in favor of the verdict." *Id.* (citation omitted). The jury verdict must be upheld if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Tomicic cannot satisfy his burden. The evidence at trial established that Tomicic was aware that there was a dispute between the developer on the project he worked on and the insurance carrier. The evidence also established that Tomicic submitted what he knew to be falsified, backdated competing bids to the developer. A rational trier of fact could find Tomicic knew the falsified bids would be submitted to the developer's insurer.

Moreover, there was a sufficient basis for the district court to calculate a loss amount and restitution amount of $90,000. "In calculating loss amount, the obligation of the district court is to make a reasonable estimate of the loss, given the available information." *United States v. Turk*, 626 F.3d 743, 748 (2d Cir. 2010) (internal quotation marks and citation omitted). Tomicic argues that in the absence of any evidence demonstrating Chubb's loss, it was unreasonable for the district court to find Chubb suffered a loss of $90,000, which increased his offense level to 15, yielding a Guidelines range of 18 to 24 months. The record contained sufficient evidence to support finding, by a preponderance of the evidence, that Chubb suffered a loss of $90,000, which represents the difference between what Chubb paid based, in part, on the falsified bids ($178 per ton) and the amount of the actual disposal price ($127.50 per ton) with a 15 percent markup. For the same reasons, we find no error with the restitution award.

We have examined the remainder of Tomicic's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2